IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**FRANKLIN MATCHETT**                                                     **PLAINTIFF**

vs.                                    No. 6:15-cv-838

**LEGACY PRESSURE CONTROL, INC.,**
**and ROBERT MYRICK**                                              **DEFENDANTS**

## COMPLAINT

COMES now Plaintiff Franklin Matchett, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Complaint ("Complaint") against Defendants Legacy Pressure Control, Inc., and Robert Myrick (collectively referred to as "Defendants"), and in support thereof he does hereby state and allege as follows:

## I.   PRELIMINARY STATEMENTS

1.      Plaintiff brings this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including a reasonable attorney's fee as a result of Defendants' policy and practice of failing to pay Plaintiff overtime compensation for the hours worked in excess of forty (40) hours per week. Plaintiff's Consent to Join this case is attached hereto as Exhibit A.

2.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

## II.   THE PARTIES

3.     Plaintiff Franklin Matchett is a resident and citizen of Nacogdoches County, Texas.

4.     At all times relevant to this Complaint, Matchett was misclassified as exempt from the requirements of the FLSA, when in reality he was entitled to be paid overtime for all hours worked in excess of forty (40) in a workweek.

5.     Defendant Legacy Pressure Control, Inc. ("LPC") is a for-profit, Texas corporation created and existing under and by virtue of the laws of the State of Texas, registered to do business in the State of Texas, providing products and services in the oil and gas industry, throughout the United States in those areas in which fracking is a viable business.

6.     LPC has annual gross revenues exceeding $500,000.00.

7.     LPC can be served through its registered agent for service of process, Isha M Myrick, 3802 Brighton Creek Circle, Tyler, Texas 75707.

8.     Defendant Robert Myrick is an owner and vice-president of LPC.

9.     Upon information and belief, during the time relevant to this Complaint, Myrick had operational control over LPC by having a significant ownership interest, controlling significant functions of LPC's business, supervising employees, controlling employees' work schedules, determining salaries, and making hiring and firing decisions for the employees of LPC.

9.     Upon information and belief, during the time relevant to this Complaint, Defendants were Plaintiff's employers under the FLSA and are and have been engaged in interstate commerce as that term is defined under the FLSA.

## III.  JURISDICTION AND VENUE

10.     The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

11.     The acts complained of herein were committed and had their principal effect against Plaintiff herein within the Tyler Division of the Eastern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

12.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

13.     Plaintiff Matchett was employed by Defendants from September of 2013 through February of 2015 as a Pump Supervisor.

14.     Plaintiff's job was a very physical and demanding.  Defendants required Plaintiff and other Pump supervisors to set up and operate a fluid pump.

15.     Plaintiff frequently worked 13-14 hours per day, 7 days a week.  Plaintiff usually spent 20 days on the oil field job site, and then had 10 days off.

16.     Defendants provided Plaintiff with a pick-up truck that he drove almost every day.

17.     Plaintiff was paid salary for a forty (40) hour workweek and was not paid overtime.

18.     Plaintiff frequently complained to his managers about working long hours without getting paid overtime but nothing was done as a result of these complains.

19.     As a part of Plaintiff's compensation, he was paid non-discretionary bonuses.

20.     Plaintiff did not supervise two or more employees of Defendants on a regular basis.

21.     Plaintiff did not manage a division or department of Defendants.

22.     Plaintiff did not have an authority to hire or fire employees of Defendants.

23.     Plaintiff did not give recommendations as to firing or hiring employees of Defendants.

24.     Plaintiff did not give recommendations as to raises for any employees of Defendants.

25.     Plaintiff's routinely use hard hats, drilling equipment, lubricators, blow-out preventers, wrenches, and other tools, in performing their job duties. Thus Defendants' employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

26.     Plaintiff is entitled to 1.5 times their regular rate of pay for hours worked in excess of 40 in a week.

27.     Defendants knew of the FLSA's requirements based on, among other things, lots of oilfield service companies becoming object of FLSA enforcement actions for similar payment plans as the one described in this case.

28.     Defendants knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA.

## V. <u>CLAIM FOR RELIEF</u>
## <u>(Violation of FLSA)</u>

29.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

30.     Defendants intentionally misclassified Plaintiff as exempt from overtime compensation.

31.     Defendants deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

32.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

33.     Defendants' sole purpose in refusing to pay overtime wages to Plaintiff was only to profit more, and not in an effort to comply with the law.

34.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

## VI. <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, premises considered, Plaintiff Franklin Matchett respectfully prays for declaratory relief and damages as follows:

(a)     That Defendants be summoned to appear and answer herein;

(b)     That Defendants be required to account to Plaintiff, and the Court for all of the hours worked by Plaintiff and all monies paid to him;

(c)     A declaratory judgment that Defendants' practices alleged herein violate the FLSA, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(d)     Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(e)     Judgment for liquidated damages pursuant to the FLSA, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(f)     An order directing Defendants to pay Plaintiff reasonable attorney's fees and all costs connected with this action; and

(g)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF FRANKLIN MATCHETT**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone:  (501) 221-0088
Facsimile: (888) 787-2040

By:     */s/ Josh Sanford*
        Josh Sanford
        Texas. Bar No. 24077858
        josh@sanfordlawfirm.com