# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| FRANKLIN MATCHETT | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CASE NO. 6:15-cv-00838 |
| | § | |
| LEGACY PRESSURE CONTROL, INC. | § | |
| and ROBERT MYRICK | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' ORIGINAL ANSWER

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS:**

LEGACY PRESSURE CONTROL, INC. and ROBERT MYRICK (hereinafter "Defendants"), pursuant to Rule 8 of the Federal Rules of Civil Procedure, file their Original Answer, answering Plaintiff's Complaint in the order and caption set forth in the Complaint as follows:

## I. ANSWER

With respect to the allegations in the introductory paragraph of Plaintiff's Complaint, Defendants admit that Franklin Matchett is the Plaintiff who is represented by Josh Sanford of Sanford Law Firm, PLLC and who filed a Complaint against Defendants Legacy Pressure Control, Inc. and Robert Myrick.

## Preliminary Statements

1. With respect to the allegations of paragraph 1, Defendants admit only that Plaintiff has brought this civil action pursuant to 29 U.S.C. § 201, et seq. Defendants deny that they engaged in any illegal or unlawful conduct with respect to Plaintiff's employment. All remaining allegations of paragraph 1 are denied.

2. Defendants deny the allegations of paragraph 2.

## The Parties

3. With respect to the allegations of paragraph 3, Defendants are presently without sufficient knowledge of the information needed to form a belief as to the truth of the allegations regarding Plaintiff's current residence.

4. Defendants deny the allegations of paragraph 4.

5. Defendants admit the allegations of paragraph 5.

6. Defendants admit the allegations of paragraph 6.

7. Defendants admit the allegations of paragraph 7.

8. Defendants admit the allegations of paragraph 8.

9. Defendants deny the allegations of paragraph 9.

9. [sic] With respect to the allegations of the second paragraph 9, Defendants admit only that Plaintiff was formerly employed by Legacy Pressure Control, Inc. The remaining allegations in the second paragraph 9 are legal conclusions that Defendants are not required to admit or deny. Nevertheless, Defendants deny the remaining allegations of paragraph 9.

## Jurisdiction and Venue

10. The allegations in paragraph 10 are legal conclusions that Defendants are not required to admit or deny.

11. With respect to the allegations of paragraph 11, Defendants deny that they engaged in any illegal or unlawful conduct with respect to Plaintiff's employment. The remaining allegations of paragraph 11 are legal conclusions that Defendants are not required to admit or deny.

## Factual Allegations

12. Defendants incorporate by reference their responses to all previous paragraphs of the Complaint as if fully set forth herein.

13. With respect to the allegations of paragraph 13, Defendants admit that Plaintiff was employed by Legacy Pressure Control, Inc. from September 6, 2013 to February 8, 2015 as a field supervisor. All remaining allegations of paragraph 13 are denied.

14. Defendants admit that part of Plaintiff's responsibilities were to set up and operate pump equipment, but deny the remaining allegations of paragraph 14.

15. Defendants deny the allegations of paragraph 15.

16. With respect to the allegations of paragraph 16, Defendants admit that Legacy Pressure Control, Inc. provided Plaintiff with a company vehicle. Defendants are presently without sufficient knowledge of the information needed to form a belief as to the truth of the allegations regarding how often Plaintiff drove the company vehicle.

17. With respect to the allegations of paragraph 17, Defendants admit that Plaintiff was paid a salary. All remaining allegations of paragraph 17 are denied.

18. Defendants deny the allegations of paragraph 18.

19. With respect to the allegations of paragraph 19, Defendants admit that Plaintiff was paid bonuses. All remaining allegations of paragraph 19 are denied.

20. Defendants deny the allegations of paragraph 20.

21. Defendants deny the allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants admit the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Defendants deny the allegations of paragraph 27.

28. Defendants deny the allegations of paragraph 28.

## Claim for Relief
### (Violation of FLSA)

29. Defendants incorporate by reference their responses to all previous paragraphs of the

Complaint as if fully set forth herein.

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants deny the allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34.

## Prayer for Relief

With respect to the allegations in the final paragraph of the Complaint, Defendants deny

that Plaintiff is entitled to the relief sought therein.

Each and every allegation set forth in the Complaint that is not expressly admitted herein

is denied.

## II.  AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to state a valid

claim for relief.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants paid Plaintiff all sums of money to which Plaintiff is entitled to as compensation for hours worked pursuant to 29 U.S.C. §§ 206-207 and 29 C.F.R. § 785.1, *et. seq.*

## FOURTH DEFENSE

Defendants have fully performed their contractual, statutory, and other duties, if any, to Plaintiff, and Plaintiff is therefore estopped from asserting any claims against Defendants.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not have the requisite intent or state of mind to commit the acts alleged, acted at all times reasonably and in good faith based on all relevant facts and circumstances known to Defendants at the time Defendants so acted, and did not act willfully, recklessly, or maliciously. Assuming *arguendo* that Defendants failed to pay Plaintiff overtime wages, Defendants cannot be held liable under 29 U.S.C. § 216 because the failure to pay was not willful.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's FLSA claims must be commenced within two years after the claims accrued because any alleged violation by Defendants was not willful.

## SEVENTH DEFENSE

Assuming *arguendo* that Defendants failed to pay Plaintiff certain wages, Defendants are entitled to an offset or deduction for any overpayments or any regular wages or overtime wages paid to Plaintiff that do not constitute hours worked and/or do not require overtime compensation pursuant to the FLSA.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent he is exempt from the minimum wage and overtime pay provisions of the FLSA pursuant to one or more exemptions under 29 U.S.C. § 213.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWELFTH DEFENSE

Plaintiff's claims are frivolous, unreasonable, groundless, and not brought in good faith. Plaintiff has no proper basis for filing or maintaining this action against Defendants.

## RESERVATION OF DEFENSES

Because Plaintiff's pleadings are vague, Defendants cannot reasonably anticipate additional defenses which they may assert depending upon the actual allegations of Plaintiff. Defendants reserve the right to assert additional defenses in the event that further investigation, discovery or rulings of the Court indicate that additional defenses would be appropriate.

WHEREFORE, Defendants Legacy Pressure Control, Inc. and Robert Myrick, having fully answered Plaintiff's Complaint, deny that Plaintiff is entitled to any relief and hereby pray that the Court dismiss Plaintiff's case in its entirety, that Plaintiff take nothing by way of this suit, and that Defendants be awarded their reasonable attorney's fees and costs and such other relief to which they may be entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**


By:    */s/  Robert L. Rickman*
        Robert L. Rickman
        State Bar No. 24013400
        rrickman@krcl.com
        Kenneth C. Riney
        State Bar No. 24046721
        kriney@krcl.com

1601 Elm Street
3700 Thanksgiving Tower
Dallas, Texas 75201
Telephone:  (214) 777-4270
Facsimile:   (214) 777-4299

**ATTORNEYS FOR DEFENDANTS**


**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2015, a true and correct copy of the foregoing document has been sent to the following counsel of record by electronic mail through ECF filing in accordance with the Federal Rules of Civil Procedure and the local Rules of the Eastern District of Texas, as follows:

**VIA ECF FILING**
Josh Sanford
Sanford Law Firm, PLLC
One Financial Center
650 S. Shackelford Road, Suite 411
Little Rock, Arkansas 72211
josh@sanfordlawfirm.com

        */s/  Robert L. Rickman*
        Robert L. Rickman